UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America,

                              Plaintiff,

      v.

$242,088.18 United States Currency,

                              Defendant.

**Decision and Order**

18-CV-981S

## I. INTRODUCTION AND BACKGROUND

Federal law enforcement agents have been investigating Jason Nocera ("Nocera") for alleged illegal debt collection activities in this District and elsewhere. The investigation has included interviews of former employees at Nocera's debt collection company and reviews of consumer complaints submitted to the New York State Attorney General's Office. Agents eventually identified certain bank accounts belonging to Nocera that contained $242,088.18 in total funds— the defendant funds in question. On March 5, 2018, Magistrate Judge Michael Roemer found probable cause to believe that the defendant funds were "property involved in a money laundering transaction, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and Section 1957, or . . . currency traceable to such property and pursuant to Title 18, United States Code, Sections 981(a)(1)(C), as property which constitutes, or was derived from, proceeds traceable to a specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343 and engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957." (Dkt. No. 1 at 1.) Agents received the defendant funds on April 2, 2018 following the execution of seizure warrants.

Plaintiff commenced this case by filing a verified complaint for forfeiture on September 10, 2018. (Dkt. No. 1.) Plaintiff named the defendant funds as the sole *in rem* defendant. On October 18, 2018, Nocera filed an answer and verified claim for the defendant funds. (Dkt. No. 6.) The case has stalled since. The Court set an initial scheduling order on January 17, 2019. (Dkt. No. 13.) Plaintiff filed a motion on August 27, 2019 (Dkt. No. 14) to compel responses to a first set of interrogatories and a first request for document production. With plaintiff's consent, the deadlines either to respond to the motion or to conclude discovery have been extended five times. (Dkt. Nos. 17, 19, 22, 24, 26.) The latest deadline to respond to the motion was November 20, 2019. Nocera never filed responding papers.

## II. DISCUSSION

Taken together, Rules 34 and 37 allow the Court to compel discovery including documents or other things. "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court. This principle is in keeping with the traditional rule that a trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *Am. Sav. Bank, FSB v. UBS PaineWebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation and editorial marks and citations omitted). That said, however, "it is bewildering to learn that neither party attempted at an early stage to seek a stay of this proceeding." *United States v. Any & all funds on deposit in SeatComm Fed. Credit Union Account No. XXX567 in the name of Lazare*, No. 8:13-CV-1400 RFT, 2015 WL 93657, at *2 (N.D.N.Y. Jan. 7, 2015). The claimant in this case, Nocera, is the same person described in the complaint as having conducted or directed illegal debt collection activities that led to wire fraud and money laundering. *Cf. United States v. Leasehold Interests In 118 Ave. D, Apartment 2A*, 754 F. Supp. 282, 289 (E.D.N.Y. 1990) (suggesting that an identity of parties in both a forfeiture and a criminal

2

case would establish good cause for a stay). Plaintiff is under no obligation to disclose any ongoing criminal investigation, and no criminal case naming Nocera is in the District's CM/ECF public caseload as of this writing. Nonetheless, one judge in this District already has found probable cause to believe that some kind of criminal activity related to Nocera occurred. The risk of criminal liability to Nocera is obvious. Compelling Nocera to engage in discovery in this context carries due-process risks. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). Without engaging in unwarranted speculation, the five extensions that the parties have requested so far probably indicate some recognition of the risks. Yet not even Nocera has requested a stay, and the Court has no statutory authority to issue a stay *sua sponte*. *See* 18 U.S.C. § 981(g)(1–2) (requiring courts to stay civil forfeiture proceedings upon satisfaction of certain criteria but only "upon the motion of the United States" or "upon the motion of a claimant").

Under these circumstances, and especially with no response to the motion from Nocera, the most prudent outcome here will be to grant plaintiff's motion but with a long enough deadline to allow the parties to consider the propriety of a stay. Since plaintiff filed a motion to compel on August 27, 2019, Nocera will have up to and including March 31, 2020 to respond to any interrogatories or other discovery demands that plaintiff served as of the date of the motion. Between now and Nocera's deadline to respond, the parties are encouraged to confer about the propriety of seeking a stay of this case. Absent extraordinary circumstances, the Court will not entertain any more delays regarding existing discovery demands absent a motion for a stay.

### III. CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion to compel. (Dkt. No. 14.) Nocera will respond to existing discovery demands—or at least one party will seek a stay—on or before March 31, 2020.

SO ORDERED.

                                              __/s Hugh B. Scott_____
                                              Hon. Hugh B. Scott
                                              United States Magistrate Judge

DATED: January 8, 2020